UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:01CV-387-H

LOUISVILLE GAS & ELECTRIC       PLAINTIFF
COMPANY

V.

CONTINENTAL FIELD SYSTEMS, INC., and       DEFENDANTS
ADVANCED WELDING SERVICES, LLC

**JURY INSTRUCTIONS**

Members of the Jury, now that you have heard all of the evidence and the arguments by the attorneys, it is my duty to give you instructions as to the law applicable in this case. It is your duty as jurors to follow the law as stated in these Instructions, and to apply that law to the facts you find from the evidence.

You are not to single out one instruction alone as stating the law. You must consider the Instructions as a whole. Nor should you be concerned with the wisdom of any rule of law stated by the Court. You must apply the law given in these Instructions whether you agree with it or not.

It is your duty to determine the facts, and in doing so, you must consider only the evidence I have admitted in this case. The term "evidence" includes the sworn testimony, including deposition testimony, of the witnesses and the exhibits admitted into the record. It is your own interpretation and recollection of the events that controls. The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not

binding upon you.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate.  You are the sole judges of the credibility of each witness and the weight to be given to the testimony of each witness.  In determining the credibility of any witness, you may properly consider the demeanor of that witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact.  You should be guided in your deliberations by the quality and credibility of the evidence you have seen and heard.

You have heard testimony regarding a "missing piece" of the broken fan shaft and a "larger piece" of the shaft.  Plaintiff Louisville Gas & Electric Co. ("LG&E") had possession of the "missing piece" and sent it to its expert, Metallurgical Services, who tested it and issued its findings.  Inadvertently, the shaft was lost.  Who lost the "missing piece" and how it was lost are not important to this case.  However, as a result of that misplacement, Defendants Continental Field Systems, Inc. ("CFS") and Advanced Welding Services, LLC ("AWS") have been unable to examine and test the "missing piece" of the shaft.  The "larger piece" of the shaft has been available for testing.  The parties dispute whether the "larger piece" was suitable for testing and analysis.  If you believe from the evidence that the Defendants' inability to test either the "larger piece" of the shaft or the "missing piece" of the shaft prevented the Defendants from countering any particular element of LG&E's proof, you may decide against LG&E as to that particular element of proof if you so choose. You may not consider the loss of the evidence in any other fashion in connection with this case.

The rules of evidence permit a witness who by education and experience has become expert in any art, science, or profession to state an opinion and the reasons for such an opinion. You should consider this evidence and give it such weight as you, in the application of your common sense, may think it deserves. If you should conclude that the reasons given by the expert witness in support of an opinion are not sound, or that the opinion is outweighed by other credible evidence in the case, or by the opinion of some other expert, then you may reject the opinion of such expert in whole or in part.

All persons are entitled to equal justice under the law. This applies to corporations as well as individuals. The parties in this case are entitled to your careful deliberation without any consideration of their relative wealth.

In this case it is LG&E's responsibility to prove every essential element of its claims of breach of contract and negligence. That is, LG&E must prove to you that its claims are more likely true than not. If LG&E fails to prove any essential element of any of its claims is more likely true than not, then you should find for the relevant Defendant on that claim.

## INSTRUCTION NO. 1

### Breach of Contract Claim Against CFS

LG&E alleges that CFS breached a contract, in this case an oral agreement. CFS orally agreed to repair an LG&E fan shaft located at its Cane Run generating plant. The repair included application of a weld overlay and machining the shaft. CFS had a duty under the agreement to perform the repairs in a proper and workmanlike manner. To perform in a "proper and workmanlike manner" means that CFS would perform the repairs as would a conscientious company of average skill and competence. To prove breach of contract, LG&E must prove more likely than not that:

(1) CFS failed to fulfill its obligations under the oral agreement or did something in violation of the agreement; and

(2) CFS's breach was a substantial factor in contributing to LG&E's claimed damages.

CFS is responsible through the acts of its employees and agents. In determining whether CFS breached its agreement with LG&E, you must consider any actions or omissions of AWS in performing the weld overlay to be actions or omissions of CFS.

Please indicate whether you find for LG&E or for CFS in Question No. 1 on the Verdict Form. Please proceed to Instruction No. 2.

# INSTRUCTION NO. 2

## Negligence Claim Against CFS

LG&E claims damages resulting from negligence by CFS. CFS had a duty to exercise ordinary care in its activities on behalf of LG&E. "Ordinary care" means such care as you would expect a reasonably prudent company to exercise under similar circumstances. Ordinary care is a relative term. That is to say, in deciding whether ordinary care was exercised in a given case, the conduct in question must be viewed in light of all the surrounding circumstances, as shown by the evidence in this case. CFS had a duty to exercise ordinary care in its conduct and supervision of the fan shaft repair. For you to find for LG&E on this negligence claim, you must find more likely than not:

(1) CFS failed to exercise ordinary care in the manner it conducted and supervised the fan shaft repair; and

(2) CFS's failure to exercise ordinary care was a substantial factor in causing LG&E's claimed damages.

Please indicate whether you find for LG&E or for CFS in Question No. 2 on the Verdict Form. Please proceed to Instruction No. 3.

## INSTRUCTION NO. 3

### Negligence Claim Against AWS

LG&E claims damages resulting from negligence by AWS. AWS had a duty to exercise ordinary care in its activities on behalf of LG&E. "Ordinary care" means such care as you would expect a reasonably prudent company to exercise under similar circumstances. Ordinary care is a relative term. That is to say, in deciding whether ordinary care was exercised in a given case, the conduct in question must be viewed in light of all the surrounding circumstances, as shown by the evidence in this case. AWS had a duty to exercise ordinary care in its performance of the weld overlay on the fan shaft. For you to find for LG&E on this negligence claim, you must find more likely than not:

(1) AWS failed to exercise ordinary care in the manner it performed the weld overlay on the fan shaft; and

(2) AWS's failure to exercise ordinary care was a substantial factor in causing LG&E's claimed damages.

Please indicate whether you find for LG&E or for AWS in Question No. 3 on the Verdict Form.

If you have found for Defendants CFS and AWS on both Question Nos. 2 and 3, please proceed to Instruction No. 6. If you have found for Defendants CFS and AWS on each of Question Nos. 1, 2, and 3, please disregard the remaining Instructions and return your verdict to the courtroom. Otherwise, please proceed to Instruction No. 4.

## INSTRUCTION NO. 4

### Comparative Negligence

Defendants CFS and AWS contend that LG&E was negligent and that such negligence was a substantial factor in causing or contributing to LG&E's damages. LG&E had a duty to exercise ordinary care in its actions regarding the fan shaft repair. Ordinary care is a relative term. That is to say, in deciding whether ordinary care was exercised in a given case, the conduct in question must be viewed in light of all the surrounding circumstances, as shown by the evidence in this case. For you to find for Defendants CFS and AWS on this "comparative negligence" defense, Defendants CFS and AWS must establish more likely than not:

(1) LG&E failed to exercise ordinary care in its conduct regarding the fan shaft repair; and

(2) LG&E's failure to exercise ordinary care was a substantial factor in causing or contributing to LG&E's damages.

Please indicate whether you find for Defendants CFS and AWS in Question No. 4 on the Verdict Form. Please proceed to Instruction No. 5.

## INSTRUCTION NO. 5

If you have found that either or both of Defendants CFS and AWS's negligence caused or contributed to LG&E's damages, meaning if you have found for LG&E in Question Nos. 2 or 3, you must assess a percentage of fault to the Defendants that you find caused or contributed to LG&E's damages. In addition, if you have found that LG&E itself was negligent and that such negligence caused or contributed to its own damages, meaning if you have found for the Defendants in Question No. 4, you must also assess a percentage of fault to LG&E. Please indicate in Question No. 5 on the Verdict Form what percentage of fault, if any, you attribute to each of LG&E, CFS, and AWS. The total of all such fault or negligence must be 100%. Please proceed to Instruction No. 6.

**INSTRUCTION NO. 6**

**Damages**

If you have found for LG&E on one or more of Question Nos 1, 2, or 3, you must consider whether LG&E has proven any damages caused by conduct of either or both Defendants. These are known as "compensatory damages." Compensatory damages seek to make LG&E whole – that is, to compensate LG&E for any damage it suffered. If you determine that LG&E has proven damages caused by the conduct of either or both Defendants, you must award LG&E an amount of money that will fairly and reasonably compensate it for such of the following damages as you believe from the evidence LG&E has sustained directly as a result of the failure of the fan shaft. Such an amount may include:

(1) Expenses to repair and replace the subject fan shaft (not to exceed $216,091.77);

(2) Labor costs incurred by LG&E to repair and replace the fan shaft (not to exceed $46,789.10);

(3) Costs that it is reasonably certain LG&E incurred to purchase electricity to replace the lost generation of electricity from Cane Run Unit No. 6 (not to exceed $1,681,513.00); and

(4) Lost profits, if any, that it is reasonably certain LG&E incurred from the inability to sell excess electricity from Cane Run No. 6 (not to exceed $4,674,882.00).

The law does not allow an award of compensatory damages more than once for the same injury. Regardless of whether you have found for LG&E on one, two, or three of its claims, the amount of damages you award will be the same, because LG&E may not recover more than once for the damages it sustained as a result of the conduct of either or both Defendants.

Please indicate in Question No. 6 the amount, if any, you award LG&E for each of the

expense categories 1 through 4 above, as well as the total amount of damages. In determining the damages in this Question, you must not consider the percentage of fault, if any, that you assigned to LG&E in Question No. 6. You must also not consider the amount of damages, if any, that you determine in Question No. 7 that LG&E could have avoided or reduced through reasonable efforts. Please proceed to Instruction No. 7.

# INSTRUCTION NO. 7

## Mitigation of Damages

LG&E had a duty to use its reasonable efforts to mitigate any damages it may have suffered. To mitigate means to avoid or reduce damages. Defendants have alleged that LG&E failed to avoid or reduce certain damages which it could have avoided or reduced through its reasonable efforts. For you to find for Defendants on this mitigation of damages question, you must find more likely than not that LG&E failed to use reasonable efforts to mitigate its damages.

If you find that LG&E failed to mitigate its damages, please indicate in Question No. 7, part (a) the amount of damages you believe would have been mitigated if LG&E had used its reasonable efforts. Please subtract the amount, if any, you entered in part (a) from the total amount of damages you entered in Question No. 6 and enter the revised total amount of damages awarded to LG&E in Question No. 7, part (b).

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate toward reaching an agreement, if you can do so while remaining consistent with your individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous; but do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson in this Court. A verdict form has been prepared for your convenience. You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, will have your foreperson fill in, date and sign the verdict upon which you unanimously agree. You will then return with your verdict to the courtroom.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:01CV-387-H

LOUISVILLE GAS & ELECTRIC                                              PLAINTIFF
COMPANY

V.

CONTINENTAL FIELD SYSTEMS, INC., and                                   DEFENDANTS
ADVANCED WELDING SERVICES, LLC

**VERDICT FORM**

**Question No. 1 (Breach of Contract)**

LG&E _____             CFS _____

**Question No. 2 (Negligence by CFS)**

LG&E _____             CFS _____

**Question No. 3 (Negligence by AWS)**

LG&E _____             AWS _____

If you have found for the Defendants on Questions 1, 2, and 3, please disregard the remaining questions and inform the court security officer that you have completed your deliberations.  If you have found for LG&E under Question 1, please proceed to answer Question 6.  If you have found for LG&E under Questions 2 and/or 3, please proceed to answer Questions 4, 5, and 6.

**Question No. 4 (Comparative Negligence)**

LG&E _____             CFS and AWS _____

**Question No. 5 (Percentages of Fault)**

LG&E _____%        CFS _____%        AWS _____%

**Question No. 6 (Damages)**

(1)   Fan shaft repair/replacement expenses:   $_____
                                                (not to exceed $216,091.77)

(2)   Labor costs for fan shaft repair/replacement   $_____
                                                (not to exceed $47,789.10)

(3)   Cost of replacement electricity   $_____
                                                (not to exceed $1,681,513.00)

(4)   Lost profits from inability to sell
      excess electricity from Cane Run No. 6   $_____
                                                (not to exceed $4,674,882.00)

                                   TOTAL:   $_____
                                                (not to exceed $6,620,275.87)

**Question No. 7 (Mitigation of Damages)**

(a)   Amount of damages that LG&E
      could reasonably have mitigated   $_____

(b)   Total amount of damages
      awarded to LG&E   $_____


                                             _____
                                             FOREPERSON


                                             DATE_____